UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DR. SCOTT D. GEISE,

    Plaintiff,

    -v-

US DISTRICT JUDGE RICHARD J. ARCARA;
US MAGISTRATE JUDGE HUGH B. SCOTT,

    Defendants.

13-CV-0224S
**ORDER**

---

    Plaintiff, Scott D. Geise, has filed a *pro se* complaint against the District Judge and Magistrate Judge who presided over his criminal prosecution in this Court. Plaintiff, a dentist, pled guilty in this Court to two counts of a Superseding Indictment charging him with the submission of false statements relating to health care matters and filing a false tax return, *see* 18 U.S.C. § 1035 and 26 U.S.C. § 7206(1), respectively. He was sentenced to two terms of 15 months imprisonment to run concurrently. United States v. Geise, 07-CV-0145A. A *pro se* motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 was denied by the Court on July 18, 2011, and a motion for reconsideration was denied on August 5, 2011. A notice of appeal from the order denying the motion to vacate was filed on September 6, 2011 and a Mandate denying appellant's motion for a certificate appealability and dismissing the appeal was issued on March 27, 2012. Plaintiff

has paid the filing fee and summons have been issued pursuant to Fed.R.Civ.P. 4(b).

Plaintiff alleges that (1) since the offenses for which he was charged were felonies Magistrate Judge Scott did not jurisdiction to, among other things, arraign plaintiff and take other actions in the criminal matter; (2) the Speedy Trial Act and his constitutional right to a speedy trial were violated; (3) the government, after severance, chose to pursue Counts 2-58, rather than Count 1, of the Superseding Indictment, and since those Counts were never "readdressed" to the Grand Jury within six months after severance and they were not viable for prosecution. Plaintiff purports to bring these claims under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 398 (1971).

Plaintiff's claims must be dismissed because they are clearly barred by the doctrine of absolute judicial immunity. Moreover, the claims alleged herein are claims that could have been raised, if they were not, in plaintiff's criminal prosecution and his motion to vacate, set aside or correct his sentence. *See, e.g.*, Hawkins-El v. AIG Federal Savings Bank, 334 Fed.Appx. 394, 2009 WL 1703229, (2d Cir., June 18, 2009) (Summary Order) (" '[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.' ") (quoting Fitzgerald v. First East Seventh Street Tenants Corp. 221

F.3d 362, 364 (2d Cir. 2000)); *see also* Newton v. Handelman, 53 Fed.Appx. 151, 152, 2002 WL 31819586, at *1 (2d Cir. Dec. 13, 2002) (Summary Order) (a case dismissed on the basis of absolute judicial immunity is frivolous since "the claim is 'based on an indisputably meritless legal theory,'" such as when "a dispositive defense clearly exists on the face of the complaint." (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir.1998) (quoting Nance v. Kelly, 912 F.2d 605, 606 (2d Cir.1990) (per curiam)).

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g.*, Mireles v. Waco, 502 U.S. 9 (1991).

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.*, at 10 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871)). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, Pierson v. Ray, 386 U.S. 547, 554 (1967), even though unfairness and injustice to a litigant may result on occasion, Mireles, 502 U.S. at 9. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions

brought pursuant to 42 U.S.C. ' 1983.  *See* <u>Pierson</u>, 386 U.S. at 547.

All of the actions alleged herein were taken within the Judge's and Magistrate Judge's "judicial responsibilities" and any claims by plaintiff to the contrary are frivolous. *See* 28 U.S.C. § 636(b)(1)(A)-(C).

IT IS HEREBY ORDERED that plaintiff's complaint is dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to forward a copy of this Order to both of the defendants herein and the United States Attorney's Office, Western District of New York, 138 Delaware Avenue, Buffalo, New York so that the defendants are aware that this action has been dismissed and advised that they do not need to take an action to answer or otherwise respond to the summons and complaint, if and when they are served with them.

**SO ORDERED.**

S/ Michael A. Telesca

---

MICHAEL A. TELESCA
United States District Judge

Dated: March 28, 2013
Rochester, New York